IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GLORIA A. WILLIS                                                                                    PLAINTIFF

VS.                                              CASE NO. 04-CV-1106

PILGRIMS PRIDE CORPORATION                                                     DEFENDANT

### ORDER

Before the Court is Plaintiff Gloria Willis' Rule 60 Motion for Relief from Judgment, Decree or Order. (Doc. No. 31). Plaintiff asks the Court to set aside the Order entered in this case by the Hon. Bobby E. Shepherd, United States Magistrate Judge, denying her motion for appointment of counsel. (Doc. No. 24). Upon consideration, the Court finds that the Plaintiff's motion lacks merit.

Rule 60(b) allows a party relief from a final judgment or order when the ground asserted is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b); *See Sanders v. Clemco Industries,* 862 F.2d 161, 169 (8th Cir. 1988). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch,* 413 F.3d 866,

870 (8th Cir. 2005)(quotations marks and citations omitted).

In this case, the Court does not find any exceptional circumstances that would afford the Plaintiff relief under Rule 60(b). Plaintiff seems to argue that the Magistrate Judge was mistaken in denying her motion for appointment of counsel and that the ends of justice would best be served with such an appointment. Willis basically disagrees with the Magistrate Judge's denial of her request for appointment of counsel, stating the she would best be served by having counsel represent her in this case. However, this Court does not find a mistake of law in Judge Shepherd's Order denying her motion. Rule 60(b)(1) does not entitle Plaintiff to relief from the Magistrate Judge's Order. Therefore, the Court finds that the Plaintiff's Motion for Rule 60 Relief from Judgment, Decree or Order in regards to the Magistrate Judge's Order denying her appointment of counsel should be and hereby is **denied**.

IT IS SO ORDERED, this 2nd day of May, 2006.


   /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge