IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


GLORIA A. WILLIS                                                              PLAINTIFF


VS.                                        CASE NO. 04-CV-1106


PILGRIM'S PRIDE CORPORATION                                        DEFENDANT


## <u>ORDER</u>

Before the Court is the Report and Recommendation filed on September 1, 2006, by the

Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of

Arkansas. (Doc. No. 52). On September 18, 2006, the Plaintiff filed objections to the

Magistrate's Report and Recommendation. (Doc. No. 55). The matter is now before the Court

for *de novo* review from which the report will be accepted, rejected, or modified in whole or in

part pursuant to 28 U.S.C. §636(b)(1).

This was an action against the Defendant Pilgrim's Pride Corporation alleging

discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e *et seq.* On July 27, 2006, the Court granted the Defendant's summary judgment motion

and entered a judgment in favor of the Defendant, finding that the Plaintiff failed to provide the

Court with any evidence that would create a genuine issue of material fact from which a jury

could find discrimination by the Defendant based on race, gender, religion or retaliation. The

Plaintiff filed a Notice of Appeal (Doc. No. 49), along with a Motion for Leave to Appeal as a

pauper and a completed IFP application (Doc. No. 50). The Plaintiff's application to proceed

IFP was referred to Magistrate Judge Bobby E. Shepherd, pursuant to 28 U.S.C. §636 (b)(1)(A)

and Rule 72.1, Rules of the United States District Courts for the Eastern and Western Districts of Arkansas. In his Report and Recommendation, Judge Shepherd found that the Plaintiff was unable to pay the filing fee for this appeal, however, he found that the appeal was not taken in good faith as required by 28 U.S.C. §1915(a)(3). Therefore, it was recommended that the Court deny Plaintiff's application to proceed IFP on appeal and direct Plaintiff to pay the full filing fee of $455.00 or renew her application to proceed IPF with the United States Court of Appeals for the Eighth Circuit. Plaintiff argues that she was granted IFP status previously, thus, she should not be required to pay the filing fee for her appeal.

Plaintiff was previously granted IFP in this matter on December 1, 2004. Therefore, Federal Rule of Appellate Procedure 24(a)(3) applies. This rule states:

> A party who was permitted to proceed in forma pauperis in the district court action, . . . , may proceed on appeal in forma pauperis without further authorization, unless the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding; ....

Fed.R.App.P. 24(a)(3). Accordingly, if an appeal is not taken in good faith, IFP status will be denied even if it has been determined that a party is indigent. *See* 28 U.S.C. §1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore can not be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In this case, the Court found that no genuine issue of material fact existed. Plaintiff has

appealed this ruling but such appeal appears to lack any arguable basis in either law or fact. Thus, it is frivolous as defined by the Supreme Court. Therefore, the Court finds and certifies that the Plaintiff's appeal is not being taken in good faith.

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the Plaintiff's application to proceed IFP on appeal (Doc. No. 50) is hereby **denied.** Plaintiff is directed to pay the full filing fee of this appeal ($455.00) within one month of this order or renew her application to proceed IFP with the United States Court of Appeals for the Eighth Circuit.

IT IS SO ORDERED, this 10th day of October, 2006.


        /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge